**Stanislaw AKSAMIT, Plaintiff–Appellant,**

v.

**772 PARK AVENUE CORP., and Brown Harris Stevens, LLC., Defendants–Appellees.**

No. 03–9238.

United States Court of Appeals, Second Circuit.

April 26, 2005.

**205**

Stanislaw Aksamit, Ellenville, NY, for Appellant, pro se.

Glen H. Parker, Hoey, King, Toker & Epstein, New York, NY, for Appellees.

Present: OAKES, LEVAL, and STRAUB, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is hereby **AFFIRMED.**

Plaintiff–Appellant Stanislaw Aksamit, *pro se,* appeals from the October 7, 2003 judgment of the United States District Court for the Southern District of New York (Richard C. Casey, *Judge*) granting the motion for summary judgment filed by Defendants–Appellees 772 Park Avenue Corp. and Brown Harris Stevens, and dismissing Aksamit's claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.,* and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq.* We assume the parties' familiarity with the underlying facts, procedural history, and specification of appellate issues.

We review the district court's grant of summary judgment *de novo,* construing the evidence in the light most favorable to the non-moving party, and determining whether the district court properly concluded that there were no genuine issues of material fact and the moving party was entitled to judgment as a matter of law. *See, e.g., Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir.2003) (internal quotation marks omitted).

The District Court properly held that, even assuming Aksamit had satisfied the *de minimis* burden of establishing a *prima facie* case of age discrimination, Aksamit failed to offer evidence from which a rational factfinder could infer that Defendants' reasons for his discharge (excessive absences and poor work performance) were pretextual and that the real reason for his termination was age discrimination. Accordingly, summary judgment was properly awarded in favor of Defendants on Aksamit's ADEA and New York Human Rights Law claims, and Aksamit's complaint was properly dismissed.

We have considered all of Plaintiff–Appellant's arguments and find them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED.**